UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADTRAV CORPORATION, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:20-cv-01890-MHH |
| } | |
| UNITED STATES CITIZENSHIP } | |
| AND IMMIGRATION SERVICES, } | |
| et al, } | |
| | |
| Defendants. | |

### MEMORANDUM OPINION

In this case, ADTRAV Corporation challenges the United States Citizenship and Immigration Services' decision to reject ADTRAV's H-1B petition to classify Darpan Vinay Vedi as a specialty occupation worker. ADTRAV is a travel management company. ADTRAV contends that USCIS acted arbitrarily and capriciously and abused its discretion when it denied ADTRAV's petition on behalf of Mr. Vedi. USCIS disagrees, arguing that it had no discretion and was required to reject ADTRAV's petition under applicable federal regulations. ADTRAV and USCIS filed cross motions for summary judgment. For the reasons discussed below, the Court grants USCIS's summary judgment motion and will enter judgment for USCIS on ADTRAV's claim.

1

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  To demonstrate that a genuine dispute as to a material fact precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A).  "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).  When considering a summary judgment motion, a district court must view the evidence in the record and draw reasonable inferences from the evidence in the light most favorable to the non-moving party.  *Sconiers v. Lockhart*, 946 F.3d 1256, 1260 (11th Cir. 2020).

"The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." *Alabama Mun. Ins. Corp. v. Scottsdale Ins. Co.*, 297 F. Supp. 3d 1248, 1252 (N.D. Ala. 2017) (quoting *Southern*

*Pilot Ins. Co. v. CECS, Inc.*, 52 F. Supp. 3d 1240, 1242-43 (N.D. Ga. 2014)). "Cross motions for summary judgment may be probative of the nonexistence of a factual dispute. Indeed, when both parties proceed on the same legal theory and rely on the same material facts the court is signaled that the case is ripe for summary judgment." *Shook v. U.S.*, 713 F.2d 662, 665 (11th Cir. 1983) (internal citation omitted).

In reviewing agency determinations under the Administrative Procedure Act, a district court sits as an appellate court. 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). A district court reviewing a decision of USCIS under the APA considers "whether the agency's decision was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1286 (11th Cir. 2019) (quoting 5 U.S.C. § 706(2)(A)). "This is a deferential standard; a court does not substitute its own judgment for that of the agency, but assesses whether the agency arrived at a rational conclusion connected to the evidence." *Spivey*, 926 F.3d at 1286 (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

The Eleventh Circuit summarized the arbitrary and capricious standard in *North Buckhead Civic Ass'n v. Skinner*:

> To determine whether an agency decision was arbitrary and capricious, the reviewing court "must consider whether the decision was based on

> a consideration of the relevant factors and whether there has been a clear error of judgment." This inquiry must be "searching and careful," but "the ultimate standard of review is a narrow one." Along the standard of review continuum, the arbitrary and capricious standard gives an appellate court the least latitude in finding grounds for reversal; "[a]dministrative decisions should be set aside in this context . . . only for substantial procedural or substantive reasons as mandated by statute, . . . not simply because the court is unhappy with the result reached." The agency must use its best judgment in balancing the substantive issues. The reviewing court is not authorized to substitute its judgment for that of the agency concerning the wisdom or prudence of the proposed action.

*Skinner*, 903 F.2d 1533, 1538-39 (11th Cir. 1990) (internal footnotes and citations omitted).

## SUMMARY JUDGMENT EVIDENCE

ADTRAV "is a privately-owned and self-funded business founded in 1977 in Birmingham, Alabama, to meet demand in the emerging field of business travel." (Doc. 15-2, p. 39). Currently, ADTRAV is a "national provider in corporate travel management." (Doc. 15-2, p. 39).

ADTRAV employee Darpan Vinay Vedi was born in India and is an Indian citizen. (Doc. 15-2, p. 13). On December 15, 2018, Mr. Vedi graduated with a Master of Science from the University of Alabama at Birmingham's College of Arts and Sciences. (Doc. 15-3, p. 8). Mr. Vedi began his employment with ADTRAV on January 28, 2019. (Doc. 15-3, p. 16).

When ADTRAV filed this action in 2020, Mr. Vedi was in the United States and authorized to work under an F-1 visa. (Doc. 15-3, p. 23). Mr. Vedi's F-1 visa

was scheduled to expire in January of 2022. (Doc. 15-3, p. 23). To enable Mr. Vedi to remain authorized to work in the United States following expiration of his F-1 status, ADTRAV registered with USCIS and sought an H-1B visa for Mr. Vedi for fiscal year 2021. (Doc. 15-2, p. 4).

H-1B visas are available to immigrants "coming temporarily to the United States to perform [several different types of] services," including "specialty occupation" workers. 8 U.S.C. § 1101(a)(15)(H)(i)(b). "[T]he term 'specialty occupation' means an occupation that requires—(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i)(1). USCIS may issue 65,000 H-1B visas each fiscal year. 8 U.S.C. § 1184(g)(1)(A)(vii). USCIS may issue an additional 20,000 H-1B visas to applicants who have "earned a master's or higher degree from a United States institution of higher education." 8 U.S.C. § 1184(g)(5)(C).

Those who register for an H-1B visa – for example, ADTRAV, on behalf of Mr. Vedi – participate in a lottery. USCIS randomly selects more than 85,000 applicants. The applicants must complete and submit a H-1B petition. Of the applicants who successfully complete a petition, USCIS awards visas to those who meet the H-1B criteria. If USCIS initially awards fewer than 85,000 visas, USCIS

conducts a second lottery to fill the remaining slots. 8 C.F.R. § 214.2(h)(8)(iii)(A)(7).

On March 28, 2020, ADTRAV learned that its registration on behalf of Mr. Vedi was selected in USCIS's random draw. (Doc. 15-2, p. 4). Therefore, ADTRAV became "eligible to file a corresponding H-1B petition between 04/01/2020 and 06/30/2020." (Doc. 15-2, p. 4). The notice contained the following warning: "If you do not properly file your H-1B cap-subject petition within the filing period indicated above, USCIS will deny or reject the petition." (Doc. 15-2, p. 4).

ADTRAV had to remit fees with its petition. In a section titled "Fee Exemption and/or Determination," ADTRAV was asked to answer yes or no to the following question:

> 9. Do you currently employ a total of 25 or fewer full-time equivalent employees in the United States, including all affiliates or subsidiaries of this company/organization?

(Doc. 15-2, p. 30). ADTRAV checked the "No" box. (Doc. 15-2, p. 30). Underneath question 9, the petition states:

> If you answered yes, to **Item Number 9**, above, you are required to pay an additional fee of **$750**. If you answered no, then you are required to pay an additional ACWIA fee of **$1,500**.

(Doc. 15-2, p. 30) (emphasis in Doc. 15-2). Elsewhere in its petition, ADTRAV stated that its "Number of Employees in the United States" was "180." (Doc. 15-2, p. 15). Still, ADTRAV included a check for only $750.00 for the ACWIA fee, half

of the fee ADTRAV should have remitted. (Doc. 15-2, p. 6).[1] ADTRAV submitted the petition on June 22, 2020. (Doc. 15-2, p. 18).[2]

On August 6, 2020, USCIS issued a rejection notice to ADTRAV regarding its H-1B petition on behalf of Mr. Vedi. (Doc. 15-2, p. 3).[3] The rejection notice stated:

> The fee you submitted with your I-129 petition was incorrect. The correct fee for your Form I-129 petition should be:
> $460.00 I-129 base fee
> $500.00 Fraud Prevention and Detection Fee.
> $1,500.00 (ACWIA Fee for a company with 26 employees or more).

(Doc. 15-2, p. 3).

One week after it received the August 6, 2020 rejection notice, ADTRAV resubmitted its H-1B petition with the correct ACWIA fee. (Doc. 1-3). On August 18, 2020, USCIS issued a second rejection notice to ADTRAV regarding its amended H-1B petition on behalf of Mr. Vedi. (Doc. 1-4, p. 2). The second rejection notice states:

---

[1] ADTRAV included three checks with its petition: a check for $500.00 for "I-129H Fraud Fee;" a check for the base filing fee of $460.00; and a check for $750.00 for the "I-129H ACWIA Fee." (Doc. 15-2, p. 6). In its complaint and in its brief in support of its motion for summary judgment, ADTRAV acknowledges that it submitted an incorrect ACWIA fee. (Doc. 1, p. 10, ¶ 29; Doc. 18, p. 4).

[2] The petition was delivered the following day, June 23, 2020. (Doc. 1-1, p. 3). The Court has not found evidence in the record to explain why ADTRAV waited until the end of the application window to submit a petition on behalf of Mr. Vedi.

[3] The rejection notice was addressed to the attorney who completed the petition on behalf of ADTRAV. (Doc. 15-2, p. 3).

> Your Form I-129 petition subject to the FY2021 cap was not properly filed during the filing period listed on your registration selection notice. With your petition you provided a registration selection notice with a filing period of 04/01/2020 to 06/30/2020. However, your petition was received by USCIS on 08/14/2020, which is after the latest date you were eligible to file your petition.

(Doc. 1-4, p. 2).[4]

ADTRAV filed this administrative appeal on November 25, 2020.  (Doc. 1).

**DISCUSSION**

ADTRAV argues that USCIS's decision to reject Mr. Vedi's petition is "contrary to law and should be set aside inasmuch as it is arbitrary, capricious, an abuse of discretion and not in accordance with law."  (Doc. 18, p. 1).  USCIS argues that it "correctly followed the applicable regulations in rejecting [ADTRAV's] H-1B [petition] and thus [its] decision does not violate the APA."  (Doc. 21, p. 12). USCIS relies on 8 C.F.R. § 103.2(a)(7) which states:

> (7) Benefit requests submitted.
>
> (i) USCIS will consider a benefit request received and will record the receipt date as of the actual date of receipt at the location designated for filing such benefit request whether electronically or in paper format.
>
> (ii) A benefit request which is rejected will not retain a filing date. A benefit request will be rejected if it is not:
>
>> (A) Signed with a valid signature;
>>
>> (B) Executed;

---

[4] The second rejection notice was addressed to the attorney who completed the petition on behalf of ADTRAV.  (Doc. 1-4, p. 2).

>> (C) Filed in compliance with the regulations governing the filing of the specific application, petition, form, or request; and
>
>> (D) Submitted with the correct fee(s). If a check or other financial instrument used to pay a fee is returned as unpayable because of insufficient funds, USCIS will resubmit the payment to the remitter institution one time. If the instrument used to pay a fee is returned as unpayable a second time, the filing may be rejected. Financial instruments returned as unpayable for a reason other than insufficient funds will not be redeposited. If a check or other financial instrument used to pay a fee is dated more than one year before the request is received, the payment and request may be rejected.
>
> (iii) A rejection of a filing with USCIS may not be appealed.

8 C.F.R. § 103.2(a)(7). Thus, 8 C.F.R. § 103.2(a)(7)(ii) establishes four prerequisites for USCIS's consideration of a "benefit request":[5] a properly completed application executed using a valid signature and accompanied by "the correct fee(s)." 8 C.F.R. § 103.2(a)(7)(ii).

ADTRAV's initial petition did not comply with 8 C.F.R. § 103.2(a)(7)(ii)(D) because ADTRAV did not submit the correct fee with its initial petition.[6] Because

---

[5] "Benefit request means any application, petition, motion, appeal, or other request relating to an immigration or naturalization benefit, whether such request is filed on a paper form or submitted in an electronic format, provided such request is submitted in a manner prescribed by DHS for such purpose." 8 C.F.R. § 1.2.

[6] Subsection D does not distinguish between the base filing fee and other fees owed in conjunction with a visa application. 8 C.F.R. § 103.2(a)(7)(ii)(D).

The details in subsection D make clear that submission of a check or other financial instrument facially written for the correct amount of fees is not sufficient to sustain a benefit request. If

ADTRAV's first petition, filed June 22, 2020, did not include the correct fees, USCIS had to reject the petition pursuant to 8 C.F.R. § 103.2(a)(7)(ii)(D); the language "will be rejected" is mandatory.[7] Under 8 C.F.R. § 103.2(a)(7)(ii), because USCIS rejected ADTRAV's initial petition, the petition did not retain a filing date of June 22, 2020.

Consequently, USCIS had to regard ADTRAV's replacement petition as filed on August 14, 2020. And, under 8 C.F.R. § 214.2(h), USCIS had to reject ADTRAV's replacement petition as untimely. 8 C.F.R. § 214.2(h) states, in pertinent part:

> (D)  H-1B cap-subject petition filing following registration—
>
> > (1) Filing procedures. In addition to any other applicable requirements, a petitioner may file an H-1B petition for a beneficiary that may be counted under section 214(g)(1)(A) or eligible for exemption under section 214(g)(5)(C) of the Act . . . only within the filing period indicated on the notice.

8 C.F.R. § 214.2(h)(8)(iii)(D)(1). The "filing period indicated on the notice" was "04/01/2020 [to] 06/30/2020." (Doc. 15-2, p. 4). USCIS did not receive the August 14, 2020 replacement petition within that filing period.

---

USCIS cannot obtain the fees because of a flaw in the fee instrument, then § 103.2(a)(7)(ii)(D) authorizes USCIS to reject a benefit request. Use of the word "may" in the context of subsection D does not connote discretion; the word indicates permission to treat a non-negotiable instrument as though the applicant did not submit a fee at all.

[7] *See McQueen v. Tabah*, 839 F.2d 1525, 1527 (11th Cir. 1988) ("'[Pennsylvania] has used language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will', or 'must' be employed, . . . .'") (quoting *Hewitt v. Helms*, 459 U.S. 460, 471 (1983)).

ADTRAV argues that USCIS abused its discretion by not issuing a request for evidence concerning the initial petition. (Doc. 22). 8 C.F.R. § 103.2(b)(8) states, in pertinent part:

> (8)  Request for Evidence; Notice of Intent to Deny—
>
> . . .
>
> (ii)  Initial evidence.  If all required evidence is not submitted with the benefit request or does not demonstrate eligibility, USCIS in its discretion may deny the benefit request for lack of initial evidence or for ineligibility or request that the missing initial evidence be submitted within a specified period of time as determined by USCIS.
>
> (iii)  Other evidence.  If all required initial evidence has been submitted but the evidence submitted does not establish eligibility, USCIS may: deny the benefit request for ineligibility; request more information or evidence from the applicant or petitioner, to be submitted within a specified period of time as determined by USCIS; or notify the applicant or petitioner of its intent to deny the benefit request and the basis for the proposed denial, and require that the applicant or petitioner submit a response within a specified period of time as determined by USCIS.

8 C.F.R. § 103.2(b)(8)(ii)-(iii).  ADTRAV argues that under either option in § 103.2(b)(8), USCIS had the discretion, after determining that the evidence submitted did not establish eligibility, to request more information or evidence from ADTRAV.  Alternatively, ADTRAV argues that under § 103.2(b)(8)(iii), USCIS had the discretion to notify ADTRAV of USCIS's intent to deny Mr. Vedi's initial petition and provide ADTRAV an opportunity to respond.

ADTRAV mistakenly equates a rejection and a denial; they are not the same thing under the governing regulations. The Tenth Circuit discussed the difference between a rejection and a denial under 8 C.F.R. § 103.2, in the context of an INS decision:

> [The plaintiff's] argument mistakenly conflates denial of an application and rejection of an application. The INS does not deny an application until it has been processed. Because [the plaintiff's] application was rejected, it was never processed, and there were no proceedings for the INS to reopen. *See* 8 C.F.R. § 103.2. [The plaintiff's] applications had not been denied because they had not been accepted. The government did not consider [the plaintiff's] case closed because it had never been opened.

*Rios v. Ziglar*, 398 F.3d 1201, 1208 (10th Cir. 2005). The provisions ADTRAV cites address denials, a final decision made by USCIS after accepting and reviewing a petition. USCIS has the discretion to issue a request for evidence only after it accepts an application. Because USCIS rejected – and, therefore, never accepted – ADTRAV's petition pursuant to 8 C.F.R. § 103.2(a)(7)(ii)(D), § 103.2 is not available to ADTRAV as a means of saving Mr. Vedi's initial petition.

ADTRAV also argues that USCIS abused its discretion by failing to excuse ADTRAV's improper fee. ADTRAV argues that the error was beyond its control. ADTRAV relies on 8 C.F.R. § 248.1(b), which states:

> (b) Except in the case of an alien applying to obtain V nonimmigration status in the United States under § 214.15(f) of this chapter, a change of status may not be approved for an alien who failed to maintain the previously accorded status or whose status expired before the application or petition was filed, except that failure to file before the

12

> period of previously authorized status expired may be excused in the discretion of USCIS, and without separate application, where it is demonstrated at the time of filing that:
>
> > (1) The failure to file a timely application was due to extraordinary circumstances beyond the control of the applicant or petitioner, and USCIS finds the delay commensurate with the circumstances;
> >
> > (2) The alien has not otherwise violated his or her nonimmigrant status;
> >
> > (3) The alien remains a bona fide nonimmigrant; and
> >
> > (4) The alien is not the subject of removal proceedings under 8 CFR part 240.

8 C.F.R. § 248.1(b). ADTRAV argues that the submission of incorrect fees in the initial petition was beyond its control because its attorney filed the petition and wrote the checks. (Doc. 22, pp. 11-12). But ADTRAV has not explained why its attorney's mistake should not be attributed to the company, and ADTRAV has not explained what extraordinary circumstances caused this mistake.[8]

---

[8] USCIS argues that § 248.1(b) does not apply here because Mr. Vedi's F-1 status did not expire before ADTRAV applied for H-1B status, and Mr. Vedi's F-1 status did not expire while the application was pending. The Court need not engage in this interpretive exercise because ADTRAV did not provide sufficient information to establish that ADTRAV's failure to file a timely application was beyond Mr. Vedi's or ADTRAV's control.

Mr. Vedi's F-1 status has now expired. (Doc. 15-3, p. 23). If he or ADTRAV pursues a new petition under § 248.1(b), the application must demonstrate with sufficient detail extraordinary circumstances beyond Mr. Vedi's or ADTRAV's control that caused Mr. Vedi's F-1 status to expire before he filed his new petition. The Court expresses no views on the merits of a new petition.

## **CONCLUSION**

From the record, it appears that Mr. Vedi failed to achieve H-1B status in 2020 through no fault of his own.  But USCIS applied the relevant regulations properly, and USCIS did not abuse its discretion, act arbitrarily and capriciously, or act beyond the law when it denied ADTRAV's initial and replacement H-1B petitions on behalf of Mr. Vedi.  Thus, the Court grants USCIS's motion for summary judgment and denies ADTRAV's motion for summary judgment.  By separate order, the Court will enter judgment for USCIS.

**DONE** and **ORDERED** this March 15, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE